**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**JUSTIN COLLINS**                                        **CIVIL ACTION**

**VERSUS**                                                    **NO. 26-296-JWD-RLB**

**VANESSA FANG, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on May 18, 2026.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JUSTIN COLLINS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-296-JWD-RLB** |
| **VANESSA FANG, ET AL.** | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This Report and Recommendation is issued *sua sponte* due to Justin Collins' ("Plaintiff") failure to comply with this Court's recent Order or update his address. (R. Doc. 3).

## I.    Background

On March 18, 2026, Plaintiff filed a one-page complaint with an application to proceed *in forma pauperis*. (R. Docs. 1; 2). His complaint, in its entirety, contains the following allegations: "1. Defendants delayed the ruling, 2. This case is brought on diversity, 3. Plaintiff demands damages over $75,000." (R. Doc. 1). The address Plaintiff provided the Court was 110 Bishop Street, Honolulu, Hawaii, 96510.

On March 24, 2026, the Court ordered Plaintiff to amend his complaint within twenty-one (21) days, noting (i) the defendants, Vanessa Fang, Elyssa O. Slutzky, and Javier E., were described nowhere in the complaint, (ii) the ruling Plaintiff claims was delayed is not referenced specifically or described at all, (iii) it is unclear when or where the relevant ruling was made, (iv) the citizenship of the parties is not provided, and (v) Plaintiff's address makes it unclear why he filed the case here. (R. Doc. 3). Plaintiff was specifically told how he could amend his complaint:

> If the Plaintiff is asserting that this Court has diversity jurisdiction, Plaintiff shall distinctly and affirmatively allege the citizenship of every party, including his own. Plaintiff shall also identify the specific actions alleged to have been taken by each individual defendant. Those allegations shall also identify the time period that these events occurred. Plaintiff shall also allege any facts to support his claim

for damages in excess of $75,000. Finally, Plaintiff shall identify why venue in this case is proper in the Middle District of Louisiana.

*Id.* Plaintiff was also informed that his failure to comply with the Order "may result in the dismissal of this matter without further notice." *Id.*

On April 10, 2026, however, this Court received notice that service upon Plaintiff regarding the Order failed, with the return receipt stating as follows: "RETURN TO SENDER INSUFFICIENT ADDRESS UNABLE TO FORWARD RETURN TO SENDER" (R. Doc. 4).

## II.     Law and Analysis

It has been more than twenty-one (21) days since the Court issued its Order on March 24, 2026, directing Plaintiff to amend his complaint, and Plaintiff has failed to do so. (R. Doc. 3). Yet, it is also clear Plaintiff never received notice of the Order because either his Hawaii address is incorrect, or he no longer resides at that address. (R. Doc. 4). Most relevant here, Local Rule 41(b)(4) states that a "failure of an attorney or pro se litigant to keep the Court apprised of an address change may be considered cause for dismissal for failure to prosecute, when a notice is returned to a party or the Court for the reason of an incorrect address and no correction is made to the address for a period of thirty days." L.R. 41(b)(4). Notice was returned to this Court for the reason of an incorrect address on April 10, 2026, and it has been more than thirty (30) days since that time. (R. Doc. 4). The Court therefore finds that Plaintiff has failed to comply with the March 24, 2026 Order *because* of his failure to comply with the requirement that he update his address. Accordingly, the Court finds dismissal without prejudice of the entire case is appropriate. *See* L.R. 41(b)(3) ("Dismissal under this Rule shall be without prejudice.").

Because this is issued as a Report and Recommendation, Plaintiff has a fourteen (14) day period to advise the Court if he intends to proceed with this case and explain why it should not be dismissed due to his failure to participate or update his address**.** *See* L.R. 41(b)(2) ("Prior to

issuance of a dismissal, notice shall be sent to the plaintiff, and plaintiff shall be allowed fourteen calendar days from mailing of the notice within which to file evidence of good cause for plaintiff's failure to act. If no response is received within the allotted time, the Court may dismiss the civil action. If a timely response is filed, a District Judge or a Magistrate Judge may order additional time within which to take action, dismiss the civil action without prejudice, or issue any other appropriate order.").

## III.    Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE**.

Signed in Baton Rouge, Louisiana, on May 18, 2026.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**